IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK C. PURNELL,

        Petitioner,

v.

DAVID PIERCE, Warden, and
ATTORNEY GENERAL OF THE
STATE OF DELAWARE

        Respondents.

Civil Action No. 14-1523-LPS

Mark C. Purnell's Amended Petition
for Post-Conviction Relief Under 28 U.S.C. § 2254

AND NOW comes the petitioner, Mark C. Purnell, by his attorney Assistant Federal Public Defender Daniel I. Siegel, and pursuant to the Sixth Amendment of the United States Constitution, and 28 U.S.C. § 2254, files this Amended Petition for Post-Conviction Relief.

1. Petitioner Mark C. Purnell is a prisoner at the James T. Vaughn Correctional Center in Smyrna, Delaware.

2. Mr. Purnell was convicted, in the Superior Court of New Castle County, Delaware, of murder in the second degree, attempted robbery in the first degree, conspiracy in the second degree, and related firearms offenses.

3. These convictions arise from the gunshot killing of Mrs. Tamika Giles.

4. Mr. Purnell is serving a cumulative sentence of 77 years imprisonment, which may be suspended after serving 45 years at decreasing levels of supervision. *Purnell v. Delaware,* 106 A.3d 337, 339 (Del. 2014).

5. Mr. Purnell has filed a pro se motion for relief under 28 U.S.C. § 2254.

6. The facts averred in the petitioner's pro se motion are adopted by reference as if set forth in full.

1

7. In this amended petition, Petitioner Purnell advances three claims of ineffective assistance of trial counsel.

8. Mr. Purnell asks that the writ be conditionally granted, with instructions to release him from imprisonment if he is not re-tried within ninety days.

## Claim One

*Trial counsel ineffectiveness: failure to secure, and/or utilize, medical records relevant to defendant's physical condition at the time he is alleged to have run from the scene of the shooting*

9. On January 30, 2006, Mrs. Tamika Giles was the victim of a shooting which occurred in Wilmington, Delaware.

10. The shooting occurred when Mrs. Giles and her husband had returned from a shopping trip, and were carrying packages to their home.

11. The couple were accosted by two robbers, one of whom discharged a handgun; Mrs. Giles died from a single gunshot wound.

12. At trial, State witness Angela Rayne testified that the two robbers ran away from the scene of the shooting; according to Ms. Rayne, the two robbers were "running fast" and at "full speed" (Tr. of April 14, 2008, pages 95, 106).

13. Defense counsel argued that there was reasonable doubt regarding Mark Purnell's participation in the robbery, because he had recently undergone surgery to remove a bullet from his knee, and would have been unable to run.

14. Defendant's cousin, Latoya Moody, testified that Mark Purnell was on crutches at the time of the shooting, and that "[h]e couldn't even stand on his leg." (Tr. Apr. 21, 2008, pages 36, 78-79).

15. Defendant's grandmother, Doris Honie, testified that at the time of the shooting, her grandson's knee was oozing pus, that she cleaned the knee twice a day, and that "he wasn't doing good at all." (Tr. April 21, 2008, pages 141, 143).

16. In its rebuttal case, the State called Dr. James Rubano, the orthopedic surgeon who performed the second part of defendant's knee surgery; Dr. Rubano testified that the surgery took place on January 22, 2006, eight days prior to the shooting (Tr. April 23, 2008, pages 21-22).

17. In response to questions from the government, Dr. Rubano testified that he could not say one way or another whether a person undergoing such surgery, on January 22, 2006, would be able to run on January 30, 2006 (Tr. of April 23, 2008, pages 35-36).

18. On cross-examination of Dr. Rubano, it was incumbent upon counsel to bring out facts reflecting the pain and physical limitations which normally follow knee surgery of this sort.

19. Defense counsel should have utilized two pieces of defense-favorable evidence during his cross-examination of Dr. Rubano.

20. First, the "progress record" of January 23, 2006, reflects that upon his release from the hospital, defendant was provided with a pair of crutches (Exhibit G); cross-examination on this point could have raised reasonable doubt by showing that the defendant's doctor anticipated a period of post-surgical physical deficit.

21. Second, the "discharge instructions" of January 23, 2006, reflect that defendant was released with a prescription for Percocet, 325 milligrams, with instructions to take one or two pills every six hours, as needed for pain (Exhibit H); cross-examination on this point could have raised reasonable doubt by showing that the defendant's doctor anticipated a period of post-surgical physical pain.

22. Defense counsel did not cross-examine Dr. Rubano regarding the crutches or the Percocet; neither did he introduce independent evidence regarding the crutches or the Percocet.

23. If counsel failed to secure copies of the progress record and discharge instruction, his failure to investigate constitutes deficient performance which was prejudicial to the defense.

24. If counsel secured copies of the progress record and discharge instructions, but failed use the information, counsel's omission constitutes deficient performance which was prejudicial to the defense.

25. An evidentiary hearing is necessary to address this claim of ineffective assistance of trial counsel.

26. At an evidentiary hearing, trial counsel would be called to testify regarding his investigation, whether he secured the identified medical records, whether he had a reason for omitting cross-examination regarding the crutches and the Percocet, and whether he had a reason for omitting independent evidence regarding the crutches and the Percocet.

27. It is submitted that state post-conviction counsel rendered ineffective assistance in failing to include the above-referenced claim in defendant's amended petition for post-conviction relief (Ex. D).

28. At an evidentiary hearing, state court post-conviction counsel would be called to testify regarding *his* investigation, and the reason why he did not raise the claim of trial counsel ineffectiveness herein identified. *Martinez v. Ryan*, 132 S. Ct. 1309 (U.S. 2012) (ineffectiveness of state post-conviction counsel established cause for procedural default of claim regarding trial counsel's ineffectiveness).

29. In addition, an evidentiary hearing will make it possible for plaintiff's counsel to serve a subpoena duces tecum on the New Castle County Juvenile Detention Center, where

4

Mr. Purnell was housed from February 1, 2006, to February 3, 2006 (Tr. April 22, 2008, pages 13-16); trial testimony reflects that Mr. Purnell was detained on unrelated charges during this period, and that medical personnel at the juvenile detention facility removed the surgical staples which had been used during the surgery of January 22, 2006 (Tr. April 23, 2008, pages 33-34); detention center records may contain exculpatory evidence regarding defendant's physical limitations at the time the surgical staples were removed, which would provide an additional ground for finding that counsel was ineffective in failing to secure and utilize relevant medical records.

30. Counsel for petitioner will provide counsel for respondent with a CD containing all medical records received by undersigned counsel regarding Mr. Purnell's surgery.

31. Because petitioner's trial counsel rendered deficient performance in connection with his investigation and use of medical records, and because this deficiency prejudiced the defense, it is requested that a conditional writ be issued.

### Claim Two

> Ineffective assistance of trial counsel: failure to retain a medical expert to testify regarding the course of pain and physical limitation which follows the surgery at issue.

32. In closing argument, the prosecutor criticized the defense for failing to call a medical expert to testify regarding the effects of the surgery which Mr. Purnell underwent eight days prior to the shooting (Tr. Apr. 23, 2008, page 152).

33. Given the theory of defense – that defendant would have been unable to run at the time of the shooting – trial counsel had an obligation to seek, retain, and present a medical expert who could testify regarding the pain and physical limitations which follows this type of surgery.

5

34. It is submitted that trial counsel rendered deficient performance in failing to seek, secure, and present expert medical testimony on this point; it is further submitted that counsel's deficient performance prejudiced the defense.

35. An evidentiary hearing is necessary to permit questioning of trial counsel regarding efforts to retain a medical expert, and counsel's failure to present testimony by such an expert.

36. It is submitted that state post-conviction counsel rendered ineffective assistance in failing to include the above-referenced claim in defendant's amended petition for post-conviction relief (Ex. D).

37. An evidentiary hearing is necessary to permit questioning of state post-conviction counsel, to determine why he did not raise this ineffectiveness claim in his amended post-conviction petition. *Martinez v. Ryan*, 132 S.Ct. 1309 (U.S. 2012) (ineffectiveness of state post-conviction counsel established cause for procedural default of claim regarding trial counsel ineffectiveness).

38. Petitioner's counsel recognizes that to establish prejudice, it will be necessary to secure an expert report, and provide a copy of that report to counsel for the respondent.

39. Because trial counsel rendered deficient performance, and because this deficient performance prejudiced the defense, it is requested that a conditional writ be issued.

### Claim Three

> Ineffective assistance of trial counsel: failure to request an accomplice instruction, combined with the deficiencies identified at Claims One and/or Two, establish the prejudice necessary to support post-conviction relief.

40. As reflected in the state charging document, Mark Purnell and Ronald Harris were charged as co-conspirators in the shooting death of Mrs. Tamika Giles (Exhibit A).

41. After jury selection, but before the beginning of trial testimony, Ronald Harris entered into a plea agreement with the State.

42. Pursuant to the plea agreement, the State agreed to recommend that Mr. Harris receive a three-year sentence (Tr. April 17, 2008, pages 175-76).

43. At trial, Mr. Harris testified that he and Mark Purnell conspired to commit a robbery, and that Purnell shot Mrs. Giles during the course of that robbery (Tr. April 17, 2008, pages 143 to 150).

44. Under then-applicable Delaware case law, the defense was entitled to an instruction which informed jurors that "the testimony of an alleged accomplice should be examined by you with more care and caution than the testimony of a witness who did not participate in the crime charged." *Purnell v. State,* 106 A.3d 337, 342 (Del. 2014).

45. Trial counsel did not request such an instruction.

46. The Supreme Court of Delaware found that trial counsel's failure to request an accomplice instruction "fell below an objective standard of reasonable attorney conduct," and constituted deficient performance under the first prong of the *Strickland* ineffectiveness standard. *Purnell v. State, supra,* 106 A.3d at 347.

47. The Delaware Supreme Court went on to find that although counsel rendered deficient performance in failing to request the accomplice instruction, defendant was unable to meet his burden of showing prejudice under the second prong of *Strickland. Id.* at 347-49.

48. If the District Court finds that trial counsel rendered deficient performance in regard to Claim One or Claim Two, or both, but that the prejudice prong of *Strickland* was not met, it will be necessary to determine whether the Claim One and/or Claim Two deficiency, combined with

the failure to request an accomplice instruction, was sufficient to establish prejudice under the second prong of *Strickland.*

49. It is submitted that the combined effect of trial counsel's errors establishes prejudice under the second prong of *Strickland*, and that the District Court should grant conditional relief, requiring that Mr. Purnell be released from prison if he is not re-tried within ninety days.

50. In support of this request for post-conviction relief, petitioner Purnell submits the following exhibits, which are attached to the Brief of Petitioner filed this day:

    Ex. A – Indictment filed Apr. 30, 2007;
    Ex. B – Sentencing order dated Oct. 17, 2008;
    Ex. C – Del. Supreme Ct. decision of Aug. 25, 2009;
    Ex. D – Amended State Post-Conviction Motion, filed Oct. 11, 2011;
    Ex. E – Del. Supreme Ct. decision of Nov. 21, 2014;
    Ex. F – State Court docket entries, as of Sept. 23, 2015;
    Ex. G – Progress record of Jan. 23, 2006;
    Ex. H – Discharge instructions of Jan. 23, 2006; and
    Ex. I – Operative reports of Jan. 22, 2006.

WHEREFORE, it is requested that a conditional writ be issued, ordering that defendant be released from imprisonment if he is not retried within ninety days.

                                                Respectfully submitted,

                                                EDSON A. BOSTIC
                                                FEDERAL PUBLIC DEFENDER

DATED: <u>December 29, 2015</u>        By:  <u>/s/ Daniel I. Siegel</u>
                                                       DANIEL I. SIEGEL, ESQUIRE
                                                       Assistant Federal Public Defender
                                                       Office of the Federal Public Defender
                                                       for the District of Delaware
                                                       800 King Street, Suite 200
                                                       Wilmington, DE 19801
                                                       302-573-6010
                                                       de_ecf@fd.org

                                                        Attorneys for Petitioner Mark C. Purnell