IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK C. PURNELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. Act. No. 14-1523-LPS |
| ) | |
| WARDEN, SCI Forest State Penitentiary, ) | |
| Marienville, PA, and ATTORNEY ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

I.  **BACKGROUND**

On April 25, 2008, following a Delaware Superior Court jury trial, Petitioner Mark C. Purnell ("Petitioner") was convicted of second degree murder and various other charges. (D.I. 36 at 5) The Superior Court sentenced Petitioner on October 17, 2008 to an aggregate of seventy-seven years at Level V incarceration, suspended after forty-five years for decreasing levels of supervision. (D.I. 57 at 1) In December 2014, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) In August 2015, the Court granted Petitioner leave to proceed *in forma pauperis* and appointed the Federal Public Defender's Office ("FPDO") to represent Petitioner in the instant federal habeas proceeding. (D.I. 24)

In September 2020, the combination of certain circumstances has left the FPDO unable to continue to represent Petitioner in the pending habeas matter. (D.I. 57 at 2-3) As a result, the FPDO seeks leave to withdraw from further representation of Petitioner, and asks that he be appointed substitute, qualified, and experienced habeas counsel to represent him under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A ("CJA") and the District of Delaware's CJA Plan. More

specifically, the FPDO asks the Court to appoint Ms. Tiffani Hurst, Esquire to represent Petitioner. (D.I. 57 at 3)

It appears that Attorney Hurst has been responsible for handling Petitioner's habeas Petition for a significant period of time, she is the former chief of the FPDO's CHU, and she is a seasoned capital and non-capital habeas litigator. (D.I. 57 at 3) Attorney Hurst has retired from the FPDO effective September 26, 2020, but Petitioner has asked to have Ms. Hurst continue her representation of him upon her retirement. (D.I. 57-2) She has agreed to represent Petitioner if appointed. (D.I. 57 at 3-4) However, Attorney Hurst is not a member of this District's CJA Panel.

## II.   DISCUSSION

Although a habeas petitioner does not have a constitutional or statutory right to an attorney in a federal habeas proceeding, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991), a district court may seek legal representation by counsel for a petitioner who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the petitioner] resulting . . . from [the petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir.1993); 18 U.S.C. § 3006A(a)(2)(B) (representation by counsel may be provided for financially eligible petitioner when court determines that "interests of justice so require"). Notably, the United States District Court for the District of Delaware has adopted a Plan for Furnishing Representation in Federal Court for any Person Financially Unable to Obtain Adequate Representation in Accordance with the CJA ("CJA Plan"). The Delaware CJA Plan provides for the establishment of the Federal Public Defender Organization and for a separate panel of private attorneys known as the CJA Panel. *See* Delaware CJA Plan at §§ V and VI. The CJA Panel attorneys are available for appointment as counsel in habeas corpus proceedings filed pursuant to 28 U.S.C. § 2254, and the Delaware CJA

Plan sets forth criteria for membership on the CJA Panel and the appointment process. *See* Delaware CJA Plan at §§ IV(A)(1)(i), (2)(b); IV(B,)(C),(D); VI; VII.

The Delaware CJA Plan allows for the appointment of counsel not on the CJA Panel "in exceptional circumstances." Delaware CJA Plan at § VII(C). Section VII(C) provides, in relevant part:

> When the district judge presiding over a case . . . determines that the appointment of an attorney, who is not a member of the CJA panel, is in the interest of justice, judicial economy, or continuity of representation, or there is some other compelling circumstance warranting his or her appointment, the attorney may be admitted to the CJA panel *pro hac vice* and appointed to represent the CJA defendant. Consideration for preserving the integrity of the panel selection process suggests that such appointments should be made only in exceptional circumstances. Further, the attorney, who may or may not maintain an office in the District, should possess such qualities as would qualify him or her for admission to the District's CJA panel in the ordinary course of panel selection.

Delaware CJA Plan at § VII (C).

As an initial matter, the Court grants the Motion for Leave to File Sealed Motion to Withdraw Federal Public Defender and the Office of the Federal Public Defender as Counsel and for the Appointment of Substitute Counsel. (D.I. 56) In turn, based on the assertions in the Motion to Withdraw/Substitute Counsel, the Court finds that exceptional circumstances are present in this case. The case is complex, and Attorney Hurst is already familiar with the issues because she has represented Petitioner. (D.I. 57-2) In addition, she has considerable experience in both capital and non-capital habeas litigation. Given her familiarity with Petitioner, the complexity of the case, and her qualifications, the Court finds that the interests of justice, judicial economy, and continuity in representation warrant the appointment of Attorney Hurst to represent Petitioner in this proceeding.

3

### III. CONCLUSION

For the reason set forth above, the Court will grant: (1) the Motion for Leave to File Sealed Motion for the Federal Public Defender and FPDO to Withdraw as Counsel and for the Appointment of Substitute Counsel (D.I. 56); and (2) the Motion for the Federal Public Defender and FPDO to Withdraw as Counsel and for the Appointment of Substitute Counsel (D.I. 57). Consequently, the Court will appoint Attorney Tiffani Hurst to represent Petitioner, effective upon the entry of this Memorandum and Order. A separate Order will be entered.

October 5, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

4